UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER,<br><br>             Plaintiff,<br><br>    v.<br><br>O. RIVAS, et al.,<br><br>             Defendants. | Case No. 1:22-cv-00105-BAK (PC)<br><br>**ORDER TO SHOW CAUSE WHY MOTION TO PROCEED *IN FORMA PAUPERIS* SHOULD NOT BE DENIED**<br><br>21-DAY DEADLINE |

Plaintiff Larry James Porter ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action. On January 25, 2022, Plaintiff filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915. (Doc. 2.) According to the certified trust account statement submitted by the California Department of Corrections and Rehabilitation, Plaintiff had $1,017 in his inmate trust account as of December 29, 2021, less than one month before his filed his motion. (Doc. 7.) This was more than enough to pay the $402 filing fee for this action. Plaintiff then withdrew $1,000 from his account, (s*ee id.*); he must therefore show why he is entitled to proceed *in forma pauperis*.

Proceeding "in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). While a party need not be completely destitute to proceed *in forma pauperis*, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948), "'the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public

expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar,'" *Doe v. Educ. Enrichment Sys.*, No. 15-cv-2628-MMA-MDD, 2015 U.S. Dist. LEXIS 173063, *2 (S.D. Cal. 2015) (citation omitted). Hence, "the court shall dismiss the case at any time if the court determines that the [plaintiff's] allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

According to his inmate trust account, Plaintiff had adequate funds to pay the filing fee for this action. Accordingly, the Court ORDERS Plaintiff, **within 21 days** of the date of service of this order, to show cause in writing why his motion to proceed IFP should not be denied. **Failure to respond to this order will result in a recommendation that this action be dismissed for failure to obey a court order**.

IT IS SO ORDERED.

Dated:   **January 27, 2022**                         /s/ *Sheila K. Oberto*
                                                      UNITED STATES MAGISTRATE JUDGE