UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY JAMES PORTER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>O. RIVAS, et al.,<br><br>　　　　Defendants. | Case No. 1:22-cv-00105-ADA-CDB (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL**<br><br>(Doc. 26) |

Plaintiff Larry James Porter is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff now moves for the appointment of counsel, stating he "cannot afford to hire a lawyer" and that he "has been Granted Leave to proceed In Forma Pauperis in this case." (Doc. 26.) Plaintiff's motion will be denied for the reasons set forth below.

**I.　　DISCUSSION**

Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

//

Given that the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks & citations omitted).

### A. Analysis

The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims. *Id.* Here, while Plaintiff's complaint was screened as required by 28 U.S.C. § 1915A(a) (*see* Doc. 16) and service of process of Defendant Rivas is ongoing, it is premature to determine whether there is a likelihood of success on the merits. *See, e.g.*, *Scally v. Velasquez*, No. 22-CV-140 JLS (MDD), 2022 WL 3325916, at *6 (S.D. Cal. Aug. 11, 2022) ("Because Defendants have yet to respond to the Amended Complaint, a determination regarding the likelihood of success on the merits or Scally's ability to prosecute this matter is premature"). A likelihood of success on the merits determination is not the same as that required at screening; at screening, the Court is tasked with determining whether a plaintiff has sufficiently and plausibly alleged a cause of action or claim entitling the plaintiff to relief. The merits of the allegations are not tested, for the Court is to consider factual allegations to be true for purposes of screening.

The Court must also evaluate Plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Rand*, 113 F.3d at 1525. Here, the Court notes that Plaintiff's filings as directed by the Court have been responsive to the Court's directions and reflect Plaintiff is intelligent, logical and articulate. (*See* Docs. 10, 12, 17, 20.) The Court finds Plaintiff able to articulate his claim in light of its complexity. More specifically, the Court found Plaintiff plausibly alleged an Eighth Amendment deliberate indifference to serious medical needs claim against Defendant Rivas. (*See* Doc. 16 at 4-7.) The claim is not complex. *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited knowledge of the law, the Court does not find the issues in this case "so complex that due process violations will occur absent the presence of counsel").

Next, as for Plaintiff's inability to afford to hire counsel, that circumstance does not

qualify as an exceptional circumstance warranting the appointment of counsel. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of counsel"); *see also Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2 (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to consider).

Additionally, Plaintiff is advised that limited access to the law library is not an exceptional circumstance because limited law library access is a circumstance common to most prisoners. *Escamilla v. Oboyle*, No. 2:22-cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances common to most prisoners, such as a lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D. Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case law"). Plaintiff is further advised the fact an attorney may be better able to perform research, investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better-particularly in the realm of discovery and the securing of expert testimony"); *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7 (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional circumstances").

The Court notes that Plaintiff claims he is proceeding *in forma pauperis* in this action. (*See* Doc. 26.) Plaintiff is mistaken. In the Court's February 17, 2022 Order, it was noted

Plaintiff's certified trust account statement revealed a balance of "$1,017 … less than one month before" Plaintiff filed a motion to proceed *in forma pauperis*. (*See* Doc. 11 at 1.) The Order also notes Plaintiff's request "for a brief extension of time within which to pay the filing fee," and, in fact, granted Plaintiff an additional 21 days within which to pay the $402 filing fee. (*Id*. at 2.) Thereafter, Plaintiff paid the filing fee for this action. (See Docket Entry dated 3/4/2022 ["RECEIPT number #CAE100050132"].) Hence, despite his assertion to the contrary, Plaintiff is not proceeding *in forma pauperis* in this action. And the Court is not aware of any authority that would allow the appointment of counsel for a litigant in a civil action who is not proceeding *in forma pauperis.*

Finally, while the Court recognizes that Plaintiff is at a disadvantage due to his *pro se* status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The test is whether exceptional circumstances exist; here, they do not. There is little doubt most *pro se* litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. *Id*. For this reason, in the absence of counsel, federal courts employ procedures which are highly protective of a *pro se* litigant's rights. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding *pro se* complaint to less stringent standard) (per curiam). In fact, where a plaintiff appears *pro se* in a civil rights case, the court must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Thus, where a *pro se* litigant can "articulate his claims" in light of the relative complexity of the matter, the "exceptional circumstances" which might require the appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

In sum, the Court finds no exceptional circumstances warranting the appointment of counsel. *Rand*, 113 F.3d at 1525.

//

//

4


## II. CONCLUSION AND ORDER

For the reasons given above, Plaintiff's motion for the appointment of counsel (Doc. 26) is **DENIED**.

IT IS SO ORDERED.

Dated: **July 26, 2023**

_____
UNITED STATES MAGISTRATE JUDGE