1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY JAMES PORTER,                    Case No. 1:22-cv-00105-NODJ-CDB (PC)

12              Plaintiff,

13         v.                                **ORDER GRANTING DEFENDANT'S
                                             REQUEST TO MODIFY THE DISCOVERY
                                             AND SCHEDULING ORDER**
14    O. RIVAS, et al.,
                                             (Doc. 49)
15              Defendants.

16

17         Plaintiff Larry James Porter is a state prisoner proceeding *pro se* in this civil rights action.

18    **I.      RELEVANT BACKGROUND**

19         The Court issued its Discovery and Scheduling Order on November 21, 2023. (Doc. 41.)

20         Plaintiff lodged a first amended complaint on January 30, 2024 (Doc. 43) and Defendant

21    filed a request for screening of the first amended complaint on February 2, 2024 (Doc. 44).

22         On February 6, 2024, the Court issued its Order Granting Request to Screen Plaintiff's

23    First Amended Complaint. (Doc. 45.) Plaintiff's first amended complaint was filed that same

24    date. (Doc. 46.)

25         Thereafter, the Court issued its Second Screening Order on March 1, 2024. (Doc. 48.) It

26    found Plaintiff's first amended complaint plausibly alleged an Eighth Amendment deliberate

27    indifference to serious medical needs claim (claim one), a Fourteenth Amendment Equal

28    Protection Clause violation (claim three), and a state law equal protection violation (claim four)

1    against Defendant Rivas in her individual capacity but failed to allege any other cognizable claim

2    against Defendant Rivas or any other defendant. (*Id.* at 4-13.) Within 21 days of the date of

3    service of the order, Plaintiff was directed to do one of the following: (1) notify the Court in

4    writing that he does not wish to file a second amended complaint and he is willing to proceed

5    only on his Eighth Amendment deliberate indifference to serious medical needs claim, and

6    federal and state equal protection claims against Defendant Rivas in her individual capacity, the

7    remaining claims against any defendant to be dismissed; or (2) file a second amended complaint

8    curing the deficiencies identified by the Court in the screening order; or (3) file a notice of

9    voluntary dismissal. (*Id.* at 13-14.) Plaintiff has not yet responded to the Court's Second

10   Screening Order.

11          On March 12, 2024, Defendant filed a Request to Amend Discovery and Scheduling

12   Order Re: ECF No. 48. (Doc. 49.) Defendant asserts the 21 days provided to Plaintiff following

13   issuance of the Court's most recent screening order "runs up against" the deadline for the filing of

14   an exhaustion motion. (*Id.*) Defendant asks the Court to extend all deadlines in the previously

15   issued Discovery and Scheduling order "by 75 days to allow for Defendant to investigate the new

16   allegations asserted against her." (*Id.*)

17          **II.    DISCUSSION**

18          Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may

19   be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This

20   good cause standard "primarily considers the diligence of the party seeking the amendment."

21   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify

22   the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the

23   extension." *Id.* If the party was not diligent, the inquiry should end. *Id.*

24          In the November 2023 scheduling order, the following deadlines were imposed: (1) file

25   amended pleadings by February 21, 2024; (2) file exhaustion motion by March 21, 2024; (3)

26   complete discovery by July 21, 2024; and (4) file dispositive motions by September 30, 2024.

27   (Doc. 41.)

28          Because Plaintiff was recently granted leave to file a notice to proceed on his cognizable

1   claims or a second amended complaint, good cause exists to modify the scheduling order in this

2   action. Defendant has been diligent and cannot reasonably meet the deadline for the filing of an

3   exhaustion motion in the absence of the requested modification. *Johnson*, 975 F.2d at 609. Thus,

4   the Court will modify the remaining deadlines set in the previously issued scheduling order to

5   allow the parties additional time within which to conduct discovery and further litigate this case.

6        **III.    CONCLUSION AND ORDER**

7        Accordingly, and for good cause shown, **IT IS HEREBY ORDERED** that:

8        1.   Defendant's request to modify the scheduling order (Doc. 49) is **GRANTED**;

9        2.   The Discovery and Scheduling Order is **MODIFIED** as follows:

10               a.   The deadline for filing an exhaustion motion is **extended** from March 21, 2024

11                    **to June 4, 2024**;

12               b.   The deadline to complete discovery is **extended** from July 21, 2024, **to**

13                    **October 4, 2024**; and

14               c.   The deadline for filing a dispositive motion is **extended** from September 30,

15                    2024, **to December 16, 2024**.

16   IT IS SO ORDERED.

17   Dated:   **March 13, 2024**

18                                                      UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28